**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-60671
Summary Calendar

SYED ABUL HOSSAIN; SHAHANAZ KAZAL BEGUM,

Petitioners,

VERSUS

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

(A73 646 990)

May 29, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Syed Abul Hossain[1], a native and citizen of Bangladesh,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Although this opinion refers only to Syed Abul Hossain, the case involves a joint deportation proceeding where Hossain's request for asylum and withholding of deportation was joined with that of his wife, Shahanaz Kazal Begum, who is seeking derivative asylum on the

-1-

entered the United States in May 1994, under a visitor's visa, and filed an application for asylum and withholding of deportation in September 1994. In August 1995, the INS issued an Order to Show Cause charging Hossain with deportability under former section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B), for failure to timely depart the United States. Hossain's application was denied by the Immigration Judge (hereinafter "IJ") upon a finding that Hossain failed to satisfy his burden of proof in establishing a claim for asylum. On appeal, the Board of Immigration Appeals (hereinafter "BIA") concluded that Hossain failed to demonstrate his eligibility for asylum, and dismissed his appeal. Hossain now challenges the BIA's decision.[2]

The Attorney General may grant asylum to an alien who is a refugee. 8 U.S.C. § 1158(b)(1). The term alien is defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). An alien is a refugee when he or she "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(b)(42).

"The level of proof required to satisfy the requirements for withholding of deportation is more stringent than for asylum purposes." *Mikhael v. INS*, 115 F.3d 299, 306 (5th Cir. 1997) (citations omitted). To avoid deportation, "an alien must

_____

basis of Hossain's application pursuant to 8 C.F.R. § 208.21.

[2]In the alternative, Hossain requests a grant of 30 days additional voluntary departure in the event that this Court renders an adverse decision on appeal.

establish a clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 413 (1984). Thus, where an alien fails to satisfy the requirements for asylum, he or she will also have failed to satisfy the requirements for withholding of deportation. The BIA's determination that Hossain was ineligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole, and can be reversed only if the evidence presented by Hossain would compel a reasonable fact-finder to conclude that the requisite fear of persecution existed. *See INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992) (internal quotations and citations omitted).

In support of his asylum claim, Hossain testified that he joined the student branch of the Jatiyo Party in Bangladesh in 1982, and became a regular member and "organizing secretary" in 1987. Hossain testified that prior to leaving Bangladesh in 1994, he was apprehended and detained for two days, experienced a number of beatings, and witnessed the destruction and closing of his business as a result of his membership in the Jatiyo Party. Hossain further testified that the Jatiyo Party offices, where he worked as the organizing secretary, were raided by the police in March 1994, and a warrant was issued for his arrest due to a cache of weapons being found there. Newspaper clippings and photographs depicting Jatiyo Party members demonstrating against the then ruling party, the Bangladesh National Party (hereinafter "BNP"), were also submitted in support of Hossain's asylum application.

Hossain contends that he was persecuted on account of his political opinions and that he has a well-founded fear of future persecution if deported. Hossain further contends that we should reverse the BIA's decision and grant asylum because the evidence

presented satisfied his burden of proof, and the BIA erred in dismissing his appeal.  We disagree.

Under the substantial evidence standard, reversal of the BIA's decision requires that the evidence presented must compel a reasonable fact-finder to conclude that Hossain suffered past persecution or has a well-founded fear of future persecution because of a protected ground.  *See Elias-Zacarias,* 502 U.S. at 483.  Although Hossain presented evidence in support of his assertions of past persecution, and fear of future persecution, determination of whether that evidence is sufficient to warrant a grant of asylum remains for the BIA.  *Rivas-Martinez v. INS,* 997 F.2d 1143, 1148 (5th Cir. 1993).

After reviewing the record of proceedings, the IJ's decision, and Hossain's contentions on appeal, the BIA determined that the IJ properly evaluated the facts and correctly concluded that Hossain failed to establish either past persecution or a well-founded fear of future persecution on account of a protected ground. Specifically, the BIA noted that the IJ considered: 1) inconsistencies in Hossain's testimony; 2) the lack of corroboration with respect to the alleged warrant for Hossain's arrest; 3) the fact that Hossain remained in Bangladesh for six weeks without incident or arrest following the alleged issuance of the arrest warrant; 4) the Awami League's supplantation of the BNP as the ruling party in Bangladesh; 5) the Awami League's consent to permit members of the Jatiyo Party to participate in the country's government; and 6) the change in conditions in Bangladesh rebutting Hossain's fear of future persecution.[3]  Finding that Hossain failed

---

[3]Hossain asserts that the BNP regained control as the ruling party in Bangladesh on approximately October 1, 2001, and invites us to take judicial notice of the BNP's return to power.  We

to satisfy his burden of proof, the BIA did not find it necessary to adopt the IJ's adverse credibility findings, and dismissed Hossain's appeal.

Any disagreement we might have with the BIA's appraisal of the facts is not a sufficient ground for reversal. A reasonable fact-finder could have found the evidence presented by Hossain sufficient to establish past persecution or a well-founded fear of future persecution. We do not find, however, that the evidence presented by Hossain would compel a fact-finder to do so.

Accordingly, the decision of the BIA is AFFIRMED, and any grant of additional time for voluntary departure is left to the discretion of the INS.

---

decline the invitation as "[t]he proper venue for proffering new evidence is not the Fifth Circuit on appeal, but the BIA through a motion to reopen the case." *Faddoul v. INS,* 37 F.3d 185, 190 (5th Cir. 1994) (citing *Rivera-Cruz v. INS,* 948 F.2d 962, 968 (5th Cir. 1991).